IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM PAUL COX,<br><br>Defendant. | CR 17–4–H–CCL<br><br>ORDER ADOPTING<br>FINDINGS &<br>RECOMMENDATION |

Before the Court is Defendant William Paul Cox's Motion to Suppress recorded telephone calls (ECF No. 13). Magistrate Judge John Johnston held an evidentiary hearing on July 25, 2017, and the parties followed with post-hearing briefing completed on September 6, 2017. Judge Johnston filed Findings and Recommendations ("F&R") (ECF No. 41) on October 3, 2017, and on October 17,

2017, the Defendant filed an "Objection to Findings and Recommendations." (ECF No. 44.)

Pursuant to 28 U.S.C. § 636(b)(1), this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district judge must review the magistrate judge's findings and recommendations de novo if objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). If an objection is made, the court reviews de novo only the portion to which the objection was made, and the remainder is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). An objection having been made, this Court reviews the Findings and Recommendation accordingly.

BACKGROUND

Defendant Cox is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g). He was previously convicted of being a felon-in-possession of a firearm in this federal district court in 2005. Cox has also been

detained on state charges. While on federal supervision, Cox has been revoked four times while on supervised release, and so he has been incarcerated at the local detention facility (the "Lewis and Clark County Detention Center" or "LCCDC") on numerous occasions for various reasons. He is very familiar with this detention facility, a fact which bears upon a relevant issue to be considered.

On April 3, 2016, Cox was arrested for burglary and theft by a Lewis and Clark County Sheriff's Deputy. After booking at LCCDC, Cox was given a jail handbook stating that "All phone calls are recorded and may be monitored except calls made to an attorney." (ECF No. 41 at 2.) Inmates are provided personal identification numbers to use when placing calls. A sign on the wall next to the LCCDC phone in the booking area and a placard on the phone itself warned that all calls were recorded and monitored. (ECF No. 41 at 2.) When an inmate places a call on an LCCDC phone, a recorded message plays for both the inmate and the recipient of the call that notifies both parties that the call may be recorded and monitored. (ECF No. 41 at 2.) One witness, Detective Hayes, testified that this telephone system had existed at the LCCDC for at least the past 12 years (at least

as long as a co-worker had worked there). (ECF No. 36, TR 38:3-12.)

While incarcerated, Cox made calls seeking assistance in removing items from his vehicle: cash, "medication," and a "boom-boom," which is alleged to be slang for a firearm. (F&R at 2.)

The day after his arrest, a search warrant was sought for Cox's vehicle based on LCCDC's monitoring of Cox's phone calls. The search warrant sought controlled substances, paraphernalia, cash proceeds, and firearms. (F&R at 2.)

Defendant Cox now asserts in his Motion to Suppress telephone recordings that the monitoring of his phone calls by the LCCDC violated the Fourth Amendment of the U.S. Constitution.

DISCUSSION

The Magistrate Judge properly outlined the Fourth Amendment standards that are applicable to the motion to suppress. *See* ECF No. 41 at 3. As the Magistrate Judge found, "Cox did not have a subjective expectation of privacy in his telephone conversations because he was adequately and repeatedly warned that

such conversations would be recorded and were subject to monitoring by law enforcement." (ECF No. 41 at 17.) Indeed, an expectation of privacy in outgoing telephone calls in a prisoner would not be objectively reasonable. *United States v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996). The Magistrate Judge found further that "Cox consented to his telephone calls being recorded by knowingly proceeding with a conversation he knew would be recorded and subject to monitoring...." (ECF No. 41 at 17.) Certainly given the number of times that Cox has been in custody in the LCCDC, he understood that all inmate calls were recorded. The Magistrate Judge properly concludes that Cox did not have an "actual (subjective) expectation of privacy . . . that society is prepared to recognize as reasonable." *Katz v. United States*, 389 U.S. 347, 516 (1967 (Harlan, J. concurring). (ECF No. 41 at 3, 17.)

Defendant Cox objects to the Magistrate Judge's Findings and Recommendation by asserting that the Stored Communications Act, 18 U.S.C. §§ 2701-2712, applies to an inmate's use of a detention center's telephone that is recorded by a third-party company and subsequently monitored by a law

enforcement officer. Defendant's argument is unpersuasive. Cox impliedly consented to recording and monitoring of his calls. The officer who monitored the recorded call did so with the authority of the Lewis and Clark County Detention Center, with the assistance of its contractual provider of electronic communication services.

The Stored Communications Act, which makes it a civil offense to unlawfully access stored electronic communications, provides an exception for the entity providing the electronic communication service, which in this case would be the Lewis and Clark County Detention Center (owner of the telephone and telephone equipment on the premises) and its contractual agent, Securus Technologies ("Securus"). The exception provides that there can be no SCA violation by "obtain[ing] . . . access to a wire or electronic communication while it is in electronic storage in such system. . .," 18 U.S.C. 2701(a), by "the person or entity providing a wire or electronic communications service. . . ." 18 U.S.C. 2701(c)(2).

Section 2703 of the SCA provides rules for a governmental demand for

disclosure of records from a provider of electronic communication services. However, here, the communications facilities are owned by the detention center, the communication services (recording and storage) are provided by the detention center's agent, and there can be no demand for disclosure by a governmental entity because the content is already in the legal possession of the governmental entity. The Stored Communications Act simply does not apply to these circumstances, and even if it did, as Judge Johnston points out, the SCA does not provide suppression as an available remedy. *(*ECF No. 41 at 16, citing *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998).)

Because Cox impliedly consented to the recording and monitoring of the telephone calls he made in custody and because he had no reasonable expectation of privacy, the LCCDC was entitled to use the information obtained from the calls to apply for a search warrant to search his vehicle. Defendant's motion to suppress the recorded telephone calls should therefore be denied.

Accordingly, Defendant's objection is overruled, and Judge Johnston's Findings and Recommendation (ECF No. 41) is accepted.

IT IS HEREBY ORDERED that the Motion to Suppress recorded telephone calls (Doc. 13) is DENIED.

Dated this 2nd day of November, 2017.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE