IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM PAUL COX,<br><br>Defendant. | CR 17–4–H–CCL<br>CV 19-83-H-CCL<br><br>ORDER |

Defendant William Cox (Defendant or Mr. Cox) moves to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255. (Doc. 87). This is Mr. Cox's first § 2255 motion and was timely filed. The Court subjects Mr. Cox's motion to preliminary review and "must dismiss the motion and direct the clerk to notify the moving party" if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In his amended motion, Mr. Cox asks the Court to assign new counsel and set his motion for an evidentiary hearing. (Doc. 87 at 13). As a general rule, the constitutional right to counsel extends only through a defendant's first appeal. *United States v. Townsend*, 98 F.3d 510, 512 - 513 (9th Cir. 1996) (per curiam). A defendant seeking post-conviction relief under § 2255 is only entitled to appointment of counsel when the court determines that an evidentiary hearing is required. *Id.* (citing Rule 8(c) of the Rules Governing Section 2255 Proceedings). Until and unless the Court determines that a hearing is necessary, there is no need to appoint counsel to represent Mr. Cox.

**Factual Background**[1]

Mr. Cox was arrested in April of 2016 in connection with burglary and theft from a construction site. Officers from the Lewis and Clark County Sheriff's Office obtained a search warrant to search a grey Suburban located at Mr. Cox's residence. Officers found a firearm and ammunition when they conducted the search. Defendant made calls from the Lewis and Clark County detention center following his arrest indicating that he was aware that there was a firearm in the Suburban.

---

[1] These facts are taken from the pre-sentence report prepared for Mr. Cox's sentencing, which is filed in the record under seal. (Doc. 67).

**Procedural History**

The grand jury returned an indictment charging Mr. Cox with being a felon in possession of a firearm and ammunition in April of 2017. Michael Donahoe of the Federal Defenders of Montana was appointed to represent Mr. Cox. Mr. Donahoe filed a motion to suppress the recorded phone calls Mr. Cox made while detained at the Lewis and Clark County Detention Center. (Doc. 13). The motion to suppress was referred to Magistrate Judge Johnston, who entered his findings and recommendation on October 3, 2017. (Doc. 41). The undersigned adopted Judge Johnston's findings and recommendation and denied the motion to suppress on November 2, 2017. (Doc. 46).

While the motion to suppress was pending, Mr. Cox filed a motion to have Mr. Donahoe removed as his counsel. (Doc. 28). The undersigned conducted an *ex parte* hearing on Mr. Cox's motion to remove Mr. Donahoe on November 2, 2017.

Mr. Cox's primary complaint was that he had not had the opportunity to see all the evidence against him. Mr. Donahoe explained that there had been a miscommunication several months before the hearing about a particular document. Mr. Cox then admitted that he had viewed the document in question after he filed his motion to remove Mr. Donahoe.

After hearing from both Mr. Cox and Mr. Donahoe, the Court determined that Mr. Cox failed to present any evidence of an irretrievable breakdown – or any breakdown – in communication with his counsel. The Court found that Mr. Donahoe had been working on Mr. Cox's behalf in a competent and capable fashion and that the miscommunication issue had been rectified. The Court entered an order denying the motion to remove counsel. (Doc. 49).

The Court entered a separate order setting trial for November 20, 2017, and establishing November 13, 2017, as the plea agreement deadline. (Doc. 48). Mr. Cox moved to change his not guilty plea to guilty, pursuant to a plea agreement, on November 13, 2017. (Doc. 51). The Court set a hearing on the motion to change plea for November 17, 2017.

During the hearing, the Court asked Mr. Cox whether he was "fully satisfied with his counsel's representation." (Doc. 73 at 6, ll. 6 - 7). Mr. Cox answered in the affirmative. (Doc. 73 at 6, l. 8). The Court repeated the question after discussing Mr. Cox's waiver of his right to appeal, and Mr. Cox again confirmed that he was satisfied with his attorney. (Doc. 73 at 8, ll. 14 - 16).

When asked what the government would prove if the case was brought to trial, government counsel stated that Mr. Cox was arrested on April 4, 2016, while driving his 1999 Chevrolet Suburban. (Doc. 73 at 12). A member of the Missouri

River Drug Task Force applied for and received a search warrant. (Doc. 73 at 12). During the search, law enforcement found a Hi-Point Ibera .40 caliber pistol loaded with nine rounds of ammunition in a red bag in the speaker box of the Suburban. (Doc. 73 at 12 - 13). During Mr. Cox's April 4, 2016,[2] phone call from the Lewis and Clark County Detention Center, Mr. Cox mentioned a "boom boom" in the red bag in the speaker box of his Suburban. (Doc. 73 at 12 - 13).

When asked if he disagreed with the prosecution's summary, Mr. Cox stated that he was not driving the Suburban at the time of his arrest – it was parked on the street in front of his house. He also stated that he made the phone call on April 4, not April 6. (Doc. 73 at 13).

The Court then engaged in a protracted discussion with government counsel, counsel for Mr. Cox, and Mr. Cox about the government's ability to prove that Mr. Cox possessed the firearm. (*See* Doc. 73 at 13 - 21). During this discussion, the Court once again explained the rights that Mr. Cox would be waiving by entering a guilty plea. (Doc. 73 at 20 - 21). Mr. Cox eventually conceded that he possessed the firearm, based on the government's definition of possession. (Doc. 73 at 21, ll. 9 - 10).

---

[2] Government counsel initially stated that the phone call occurred on April 6, 2016, but corrected herself after Mr. Cox stated he made the call on April 4, 2016. (Doc. 73 at 13).

The Court accepted Mr. Cox's guilty plea and set sentencing for April 26, 2018. At the sentencing hearing, the Court sentenced Mr. Cox to thirty-seven months incarceration, followed by three years supervised release. (Doc. 65).

Mr. Cox, acting through his then-counsel Mr. Donahoe, appealed the Court's denial of his motion to suppress. The Ninth Circuit affirmed the Court's decision. (Doc. 77).

**Mr. Cox's Claims**

Mr. Cox presents three separate but interrelated grounds for relief. In his first ground for relief, he claims that his counsel provided ineffective assistance. (Doc. 87 at 4 - 6). The issues raised by Mr. Cox in this section of his motion expand on the issues he raised in his motion to remove counsel. (*Cf.* Doc. 28 and Doc. 87 at 4 - 6).

Mr. Cox claims his counsel repeatedly denied his requests to review the search warrant used to locate the firearm that led to his felon in possession charge. (Doc. 87 at 4). According to Mr. Cox this document was marked as sensitive and he did not see it until his defense counsel showed it to him for a moment immediately prior to the hearing on his motion to remove counsel. (Doc. 87 at 4).[3]

---

[3] Mr. Cox raised counsel's failure to allow him to review all the evidence in his motion for removal of counsel. (Doc. 28).

Mr. Cox specifically references his attorney's failure to obtain the body camera footage from his arrest and from the vehicle search. (Doc. 87 at 4 - 5).[4] In addition, Mr. Cox objects to his counsel's failure to interview the witness who "the government contends 'saw the defendant doing certain things' the day of [Mr. Cox's] arrest." (Doc. 87 at 5).[5]

In his second ground for relief, Mr. Cox claims that his counsel provided ineffective assistance because he refused to move to suppress the firearm obtained by law enforcement in what Mr. Cox contends was an illegal search of his Ford F-150 truck. (Doc. 87 at 7 - 8). Mr. Cox acknowledges that there was a warrant allowing the search, but claims that the search took place on April 2, 2016, the day before the warrant was issued on April 3, 2016. (Doc. 87 at 7).

In his final ground for relief, Mr. Cox claims that his 1999 Suburban was illegally searched on April 3, 2016. He bases this claim on two allegations. He alleges that there "are items on the search warrant that are not described anywhere in the application to obtain said warrant" and that "the items in question were not known to exist until the actual search of the defendants [sic] vehicle was

---

[4] Mr. Cox specifically mentioned the body camera evidence during the hearing on his motion. (Doc. 85 at 6).

[5] Mr. Cox raised counsel's failure to find and speak to potential witnesses in his motion for removal of counsel. (Doc. 28).

conducted." (Doc. 87 at 9). According to Mr. Cox, the fact that the search revealed items not referenced in the application and not known to exist prior to the search "would strongly indicate that the defendants [sic] vehicle was searched prior to the issuance of the search warrant." (Doc. 87 at 9).

Mr. Cox also alleges that "the body camera worn by the officers the day of the search" shows that the officer finds an item and then makes a call because he is not sure how to proceed. (Doc. 87 at 9). During the call, the officer conducting the search discusses obtaining a warrant. Mr. Cox contends that information obtained during this search was used to acquire future warrants. (Doc. 87 at 9).

**Discussion**

First Ground for Relief

A defendant seeking to set aside a judgment based on ineffective assistance of counsel must satisfy the two-part test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). Mr. Cox must show: (1) his counsel's performance fell below an objective standard of reasonableness, *id.* at 687 - 688; and (2) that but for those errors, "the result of the proceeding would have been different." *Id.* at 694. The Court need not determine whether counsel's performance was deficient before considering whether the defendant suffered harm as a result of the alleged deficiencies. *Id.* at 697. Nor is the Court required to

address both prongs if the defendant makes an insufficient showing as to either. *Id.*

As explained above, Mr. Cox raised many of his concerns about Mr. Donahoe's performance when he moved to have Mr. Donahoe removed as his counsel of record. The primary issue that led to Mr. Cox's filing of the motion had been addressed and rectified by the time the motion was heard. Mr. Cox had seen the document he wanted to see. (Doc. 85 at 15, ll. 18 - 19). The Court was not convinced that there had been an irretrievable breakdown in communication between Mr. Cox and Mr. Donahoe. The Court found that Mr. Donahoe had been working on Mr. Cox's behalf in a competent and capable fashion and denied Mr. Cox's motion to remove counsel. Mr. Cox has presented nothing in his pending motion to persuade the Court to re-assess that decision. Mr. Donahoe's delay in providing his client with access to the search warrant is not sufficient to demonstrate that his conduct fell below an objective standard of reasonableness.

Since deciding to deny Mr. Cox's motion to remove counsel, the Court has had the opportunity to observe Mr. Cox's interaction with Mr. Donahoe at the November 17, 2017, change of plea hearing and at the April 26, 2017, sentencing hearing. The Court's observations during those hearings confirm the finding that Mr. Cox was ably represented by Mr. Donahoe.

One of Mr. Cox's complaints about Mr. Donahoe concerned the allegation that Mr. Donahoe failed to find and interview an important witness. It became clear during the change of plea hearing that the witness in question was the neighbor who observed Mr. Cox putting things in the back of the Suburban. Mr. Cox noted that during a prior hearing he had raised an issue about the neighbor and stated that "one of the things I never got to see what the neighbor said or didn't say." (Doc. 73 at 18, ll. 9 - 14).

Mr. Donahoe addressed this issue during the change of plea hearing, stating that he had tried to explain to his client that he would have the opportunity to cross-examine the witness at trial, but was confident that the witness would not claim to have seen Mr. Cox put the firearm in the car. (Doc. 73 at 19, ll. 8 - 12). "Counsel need not interview every possible witness to have performed proficiently." *Riley v. Payne*, 352 F.3d 1313, 1318 (9th Cir. 2003). Mr. Donahoe's statements during the change of plea hearing demonstrate that Mr. Donahoe was aware of the neighbor's identity and anticipated testimony. Whether or not Mr. Donahoe actually interviewed the neighbor, it is clear that Mr. Donahoe gathered sufficient information concerning the possible testimony to fall within an objective standard of reasonableness. The anticipated testimony was not so harmful or helpful that any failure to interview the witness prejudiced Mr. Cox's case.

Second Ground for Relief

The Court need not address Mr. Cox's second ground for relief because the firearm and ammunition that led to the felon in possession charge against Mr. Cox were not seized from a Ford F-150 truck. The offense conduct section of Mr. Cox's Presentence Investigation Report mentions a grey Suburban and a maroon Dodge Durango. The investigating officers obtained search warrants for both vehicles before searching them. (Doc. 67 at 4 - 5, ¶¶ 14 - 17).

Third Ground for Relief

Mr. Cox arguably waived his claim that Mr. Donahoe provided ineffective assistance of counsel by failing to move to suppress evidence when he voluntarily entered a guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Court nevertheless considers this claim, recognizing that to prevail on an ineffective assistance of counsel claim based on failure to file a motion to suppress, Mr. Cox must meet both prongs of the *Strickland* test and must also establish that his Fourth Amendment claim has merit. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

According to the pre-sentence report, the investigators obtained a warrant before searching the grey Suburban they found parked near Mr. Cox's home. (Doc. 67 at 4 - 5, ¶¶ 17 - 20). Mr. Cox's assertion that the fact that the search

revealed items not referenced in the application and not known to exist prior to the search demonstrates that the Suburban was searched before the warrant was obtained makes no sense. Had the officers already searched the vehicle, they could have described the items found in the warrant application. The officer who applied for the warrant had been advised that Mr. Cox was in possession of a Taurus .45 caliber pistol – and that was the information likely included in the warrant application. The fact that the search actually led to the discovery of a different model and caliber pistol (Hi-Point Ibera .40 caliber pistol) demonstrates that the application was completed and the warrant obtained before the gun was found.

Mr. Cox's claim that the body camera footage shows the officer discussing obtaining a search warrant likewise fails to support his allegation that the initial search was conducted without a warrant. According to the Presentence Investigation Report, the officers performed a cursory search and found evidence of criminal possession of dangerous drugs. (Doc. 67 at 5, ¶ 18). On April 4, 2016, they performed a thorough search and found the gun and ammunition. (Doc. 67 at 5, ¶ 20). At best, the referenced body camera footage indicates that the officers discussed obtaining a second search warrant before actually searching the red bag containing the gun and ammunition.

Government counsel represented in the government's written offer of proof and at the change of plea hearing that the gun and ammunition were found during the execution of a search warrant. Mr. Cox has presented no evidence to dispute that claim.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A Certificate of Appealability should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) )

**CONCLUSION & ORDER**

The Court has carefully considered the entire record in this case and has determined that counsel for Mr. Cox met his obligation to provide effective assistance throughout the criminal proceeding that led to imposition of the judgment against Mr. Cox. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's § 2255 motion (Doc. 87) is **DENIED.**

The record before the Court, even when considered in the light most favorable to Defendant, does not meet the standard required for a certificate of appealability because Defendant has not made a substantial showing that he was denied a constitutional right. A certificate of appealability is therefore **DENIED.**

The Clerk of Court is directed to close CV 19-83-H-CCL by entering judgment in favor of the United States and to notify Defendant of entry of this order.

Dated this 24th day of February, 2021.

_____
CHARLES C. LOVELL
Senior United States District Judge